J-S04042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN VINCENT WATERS | : | |
| | : | |
| Appellant | : | No. 99 MDA 2018 |

Appeal from the Judgment of Sentence December 4, 2017
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000893-1981

BEFORE: SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MAY 24, 2021**

Appellant, John Vincent Waters, appeals from the December 4, 2017, judgment of sentence entered in the Court of Common Pleas of Cumberland County following the trial court's grant of PCRA[1] relief and resentencing of Appellant on, *inter alia*, his first-degree murder conviction pursuant to ***Montgomery v. Louisiana***, 577 U.S. 190, 136 S.Ct. 718 (2016), which held that state courts are required to grant retroactive effect to new substantive rules of federal constitutional law, such as ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455 (2012).[2]

---

[1] Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

[2] ***Miller*** held unconstitutional mandatory sentences of life imprisonment without the possibility of parole for offenders, like Appellant, who were under eighteen years of age at the time of their crimes.

---

\* Former Justice specially assigned to the Superior Court.

As discussed *infra*, this Court affirmed Appellant's December 4, 2017, judgment of sentence; however, the Pennsylvania Supreme Court vacated our judgment, in part, and remanded for consideration limited to the issue of whether the trial court properly imposed the costs of prosecution in resentencing Appellant on December 4, 2017. After a careful review, we vacate the portion of the trial court's December 4, 2017, sentence directing Appellant to pay the costs of prosecution. We affirm the December 4, 2017, judgment of sentence in all other respects.

The relevant facts and procedural history are as follows:

On October 14, 1981, the body of an eleven-year-old boy, Steven Turner, was found stabbed and bludgeoned to death in an abandoned farmhouse within a mile of his home in Cumberland County, Pennsylvania. The body, covered by stones and boards, was discovered in the evening as a result of a search for the boy which commenced when he did not come home for dinner.

An autopsy revealed that the 4 foot 9 inch, 80 pound sixth grader had died as a result of multiple head injuries. He had sustained a massive fracture of the skull from blows to the back and the side of the head, a broken jaw on each side of the face, a stab wound to the back of the neck and a stab wound to the back of the chest. He had also been subjected to a post-mortem incise wound on the right wrist and stab wound in the front of the neck. The blade of a knife, with its handle broken off, was left in the victim's neck. The autopsy report also indicated that sperm was present in the victim's mouth.

[A]ppellant…a 152 pound, sixteen-year-old, 5 foot 8 inch high school student told police during an original canvass of the neighborhood, that he had last seen the victim on the afternoon he disappeared. He told the police that he had observed the victim getting into an unknown car, which subsequently drove out of the development.

As a result of a further canvass of the neighborhood, the police obtained a steak knife from [A]ppellant's mother. The knife, which she had in her house, matched the one found at the

murder scene including the blade which had been left in the victim's throat.

On October 25, 1981, the police requested that [A]ppellant and his father report to the municipal building for questioning concerning the homicide. [A]ppellant was given the *Miranda* warnings in the presence of his father. Thereafter he and his father consulted with each other. [A]ppellant waived his rights and agreed to speak to the police without having his father present. His father had no objection to such an interrogation.

During the course of the questioning, [A]ppellant made an inculpatory statement, admitting that he had engaged in oral intercourse with the victim and then had killed him.

***Commonwealth v. Waters***, 483 A.2d 855, 857-58 (Pa.Super. 1984).

On September 23, 1982, a jury convicted Appellant of first-degree murder, 18 Pa.C.S. § 2502(a), and involuntary deviate sexual intercourse ("IDSI"), 18 Pa.C.S. § 3123. On January 25, 1983, the trial court sentenced Appellant to life in prison without the possibility of parole for first-degree murder, as well as a concurrent term of four years to ten years in prison for IDSI. This Court affirmed Appellant's judgment of sentence on October 12, 1984. ***Waters***, *supra*. The United States Supreme Court denied Appellant's writ of *certiorari* on June 3, 1985. ***Waters v. Pennsylvania***, 471 U.S. 1137 (1985).

On July 14, 2010, Appellant filed a *pro se* PCRA petition, and following the appointment of counsel, the PCRA court denied the petition as untimely. This Court affirmed. ***Commonwealth v. Waters***, No. 71 MDA 2011 (Pa.Super. filed 8/16/11) (unpublished memorandum).

On July 3, 2012, Appellant filed a second *pro se* PCRA petition, and following the lower court "staying" the matter, Appellant's counsel filed an amended PCRA petition on behalf of Appellant. Counsel argued that Appellant was entitled to relief under ***Montgomery***, *supra*, and ***Miller***, *supra*. By order entered on February 3, 2016, the PCRA court granted relief based on the "new constitutional right" exception to the PCRA's time-bar.

On November 13, 2017, and December 4, 2017, Appellant, still represented by counsel, proceeded to resentencing hearings, at the conclusion of which the trial court resentenced Appellant to 35 years to life imprisonment for first-degree murder, as well as a consecutive term of four years to ten years in prison for IDSI.

- 3 -

Appellant filed a timely, counseled motion to modify his sentence, which the trial court denied on December 15, 2017. Thereafter, Appellant's counsel filed a petition to withdraw, which the trial court granted. The trial court appointed the Public Defender's Office to represent Appellant. [A] timely, counseled appeal followed[.]

**Commonwealth v. Waters**, No. 99 MDA 2018, *3-4 (Pa.Super. filed 3/1/19)

(unpublished memorandum).

On appeal, Appellant presented the following issues in his "Statement of Questions Involved" (verbatim) for our consideration:

1. Did the trial court violate the double jeopardy clauses of both the United States and Pennsylvania Constitutions when it sentenced your Appellant to a consecutive term of four to ten years on an involuntary deviate sexual intercourse conviction after the court, pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), resentenced your Appellant to a term of 35 years to life on a conviction of first degree murder having modified the sentence from one of life imprisonment only for the homicide which was the only authorized sentence at the time the Appellant was originally sentenced in 1983 and when your Appellant's original sentence on his IDSI conviction ran concurrent to his sentence for the homicide?

2. Based on the language of the trial court's Rule 1925 Opinion, did the trial court impermissibly and unconstitutionally impose sentences on your Appellant out of vindictiveness?

3. Did the trial court mis-apply **Miller v. Alabama** by placing undue emphasis on the nature of the crime, barely mentioning Appellant's age and concomitant lack of capacity, then apparently using that young age and lack of capacity as an aggravating factor in the sentencing process?

4. Because of the interplay of certain Pennsylvania Statutes, certain Pennsylvania law and **Miller** and **Montgomery**, did the sentencing court have jurisdiction to impose the sentence that it did for first degree murder?

Appellant's Brief at 3.

With regard to Appellant's first appellate issue challenging the new sentence imposed upon him on December 4, 2017, we concluded that, since Appellant's original sentence was vacated in its entirety, the lower court had the authority to impose consecutive sentences for Appellant's first-degree murder and IDSI convictions, even though it did not do so in the original sentence. **Waters**, No. 99 MDA 2018, at *4-5. Further, we concluded there was no double jeopardy violation. In this regard, we noted that, "despite the imposition of consecutive sentences upon resentencing, Appellant was sentenced to a lower aggregate term of incarceration." **Id.** at *6. Thus, we found no merit to Appellant's first issue.

With regard to Appellant's second appellate issue, we concluded that, since he did not receive a greater sentence upon resentencing, and two separate judges imposed the original and new sentence, there was no presumption of vindictiveness. **Id.** at *9. Further, we rejected Appellant's claim of actual vindictiveness, which was premised upon statements made by the trial court in its Pa.R.A.P. 1925(a) opinion. **Id.** at * 9-11. We found the trial court's statements reflected the trial court's understanding and application of 42 Pa.C.S.A. § 9721, which required the trial court to consider the protection of the public, the gravity of the offense in relation to the impact on the victim and community, and the rehabilitative needs of Appellant. **Id.** at *11. Thus, we found no merit to Appellant's second issue.

With regard to Appellant's third appellate issue, in which Appellant presented a challenge to the discretionary aspects of his sentence, we found the issue to be waived pursuant to Pa.R.Crim.P. 720 since Appellant did not present the claim in the trial court. *Id.* at *11-12.

With regard to Appellant's fourth appellate issue, Appellant contended the trial court's imposition of 35 years to life imprisonment for first-degree murder upon resentencing him in 2017 constituted an illegal sentence. We concluded the lower court had the authority to impose a term of 35 years to life imprisonment for first-degree murder. *Id.* at *13-14. Thus, we found no merit to Appellant's fourth issue.

Accordingly, finding all of Appellant's issues to be waived or meritless, we affirmed Appellant's new judgment of sentence, which was entered on December 4, 2017.

However, on May 31, 2019, Appellant filed a petition for allowance of appeal with our Supreme Court. Therein, Appellant presented the following in his "Questions for Review" (verbatim):

1. Was the Judgment of Sentence entered on December 4, 2017, effectively violative of the Double Jeopardy clauses of the United States and Pennsylvania Constitutions as, without discussion, using current sentencing protocols, a consecutive sentence was imposed in 2017 to a crime that was committed in 1981 and whose original sentence was concurrently imposed in 1983?

2. Was an illegal sentence entered on December 4, 2017, where *Miller* mitigating criteria were applied as aggravating factors in zero -sum fashion, even as those same factors were also simultaneously applied as required by the United States Constitution -in mitigation?

3. Was an illegal sentence entered on December 4, 2017, where the "costs of prosecution" were imposed anew on a resentence?

4. Since the statutory phrase "life imprisonment" had been defined in cases spanning more than forty years and then constitutionally enshrined twice, was it error, after having prospectively broadened the definition, to unexpectedly, indefensibly, unforeseeably, and retroactively apply the new definition to a case some 36 years removed (implicating, *inter alia*, due process and lack of jurisdiction as understood by federal and state decisional laws)?

Appellant's Petition for Allowance of Appeal, filed 5/31/19, at 2.

On March 24, 2021, our Supreme Court entered a *per curiam* order,

which provided the following:

> **AND NOW**, this 24th day of March 2021, the Petition for Allowance of Appeal is **GRANTED**, limited to the following issue:
>
> > Was an illegal sentence entered on December 4, 2017, where the "costs of prosecution" were imposed anew on a resentence?
>
> Allocatur is **DENIED** as to all other issues.
>
> The judgment of the Superior Court is **VACATED** insofar as it held that the costs of resentencing were properly imposed on Appellant where his original sentence was illegal pursuant to ***Miller v. Alabama***, 567 U.S. 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016). The matter is **REMANDED** for further proceedings in light of this Court's disposition in ***Commonwealth v. Lehman***, Nos. 47 & 49 MAP 2019, 2020 WL 7502313, [243] A.3d [7] (Pa. Dec. 22, 2020).

***Commonwealth v. Waters***, No. 309 MAL 2019 (Pa. filed 3/24/21) (*per curiam* order) (bold and capitalization in original).

Relevantly, in ***Lehman***, our Supreme Court held that "chargeable costs include those that [are] effectively 'caused' by the defendant's own conduct." ***Lehman***, ***supra***, 243 A.3d at 18. Further, our Supreme Court held "the

- 7 -

resentencing proceedings made necessary by the decisions in *Miller* and *Montgomery*, and the costs associated with those proceedings, [are] not 'connected' with the original prosecution and sentencing of [the defendant] for purposes of charging [him] with those costs[.]" *Lehman*, *supra*, 243 A.3d at 18. Thus, our Supreme Court held that costs of resentencing a criminal defendant may not be recovered by the district attorney from the defendant, when resentencing becomes necessary because the original sentence was vacated upon a subsequent judicial determination that the sentence was unconstitutional. *Id.*

With the above procedural posture and legal precepts in mind, we now turn our attention to the issue of costs imposed in the case *sub judice*. When the trial court originally imposed sentence on January 25, 1983, it directed Appellant to "pay the costs of prosecution[.]" Trial Court Sentencing Order, filed 1/25/83. Thereafter, Appellant was subject to resentencing solely because his mandatory sentence of life without parole was vacated upon the judicial determination that the statute pursuant to which he received his sentence was unconstitutional, *i.e.*, in the aftermath of *Miller* and *Montgomery*. When the trial court imposed the new sentence on December 4, 2017, it again directed Appellant to "pay the costs of prosecution[.]" Trial Court Sentencing Order, filed 12/4/17.

Based upon the express holdings of *Lehman*, *supra*, since Appellant's resentencing was necessary solely because his original sentence was

unconstitutional, we conclude the trial court erred in directing Appellant to pay the costs of prosecution upon resentencing Appellant on December 4, 2017. Thus, we vacate the trial court's sentence for Appellant to "pay the costs of prosecution" as set forth in the December 4, 2017, sentencing order. In all other respects, we affirm Appellant's December 4, 2017, judgment of sentence.

Judgment of Sentence affirmed, in part, and vacated, in part.

Judge Ott did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/24/2021